# Constitutional Counsel Group

444 W Ocean Blvd., Suite 1403 * Long Beach, CA 90802

John C. Eastman
jeastman@ccg1776.com
(909) 257-3869
Member: U.S. Supreme Court Bar
Not Admitted in California

Alexander Haberbush
ahaberbush@ccg1776.com
(562) 435-3456
Member: California Bar


June 25, 2026

**VIA ECF**

Patricia S. Dodszuweit
Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re:** ***Wax v. Trustees of the University of Pennsylvania***
**No. 25-2888**
**Response to Appellee's Citation of Supplemental Authority Under Rule 28(j)**

Dear Ms. Dodszuweit:

As Appellee University of Pennsylvania concedes, the "underlying factual allegations" in the case it cited in its Rule 28(j) notice, *Crawford v. Salve Regina University*, — F.4th —, 2026 WL 1693923 (1st Cir. 2026), "differ" from the present case. Moreover, the complaint in the case alleged violations of Title IX and the ADEA, which are not part of this case, as well as a violation of Title VII, which is no longer at issue here. *Id.* at *4 n.6. Further, the "several pleading deficiencies" the First Circuit identified in affirming dismissal are not present here. For those reasons, the case is inapposite.First, the First Circuit rejected Crawford's discrimination claims because she failed to allege that student comments exhibiting a discriminatory animus to her had been relied on by University decisionmakers. *Id.* at *5. Here, in contrast, Professor Wax has made specific, well-supported allegations that the decisionmakers at Penn

discriminated against her because of her speech about racial topics. *See, e.g.*, Appx. 28, ¶ 2.

Second, the First Circuit rejected Crawford's "comparator" allegations because "she supplie[d] no facts" about the supposed comparator misconduct. *Id.* at *7. Here, in contrast, Professor Wax made detailed allegations of more egregious conduct and speech by other professors and employees at the University that received far lesser sanctions or none at all. *See, e.g.,* Appx. 30, ¶¶ 10-13; Appx. 34, ¶¶ 17-18.

Finally, the Court rejected Crawford's age discrimination claim both because the allegations were conclusory and because Crawford made no allegation that any of the supposed age-discriminatory statements were made by, or in the presence of, decisionmakers. Again, not the case here.

In short, the First Circuit affirmed dismissal because Crawford's discrimination claims were "unsupported by factual detail or supported by details untethered to the University's termination decision." *Id.* at *8. Quite apart from the fact that the case did not even involve claims under Title VI and Section 1981 that are at issue here, the greater specificity in Professor Wax's complaint and direct allegations of animus by decisionmakers fully distinguish the two cases.

Respectfully submitted,

/s Alexander Haberbush
Alexander Haberbush
CONSTITUTIONAL COUNSEL GROUP

Counsel for Appellant
Professor Amy Wax

cc: All Counsel of Record (via ECF)

## CERTIFICATE OF SERVICE

I, Alexander Haberbush, counsel for Appellant Amy Wax, and a member of the Bar of this Court, hereby certify that, on June 25, 2026, an electronic copy Appellant's Response to Appellee's Citation of Supplemental Authority Under Rule 28(j), was filed with the Clerk of Court using the CM/ECF System. I further certify that all parties required to be served have been served.

June 25, 2026

*/s/ Alexander Haberbush*
Alexander Haberbush