Morgan Lewis

**Michael E. Kenneally**
Partner
+1.202.739.5893
michael.kenneally@morganlewis.com

September 21, 2026

**VIA ECF**

Patricia S. Dodszuweit
Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re: *Wax v. Trs. of the Univ. of Pa.*, No. 25-2888**
**Response to Plaintiff's Letter Under Rule 28(j)**

Dear Ms. Dodszuweit:

*Wang v. University of Pittsburgh*, 181 F.4th 301 (3d Cir. 2026), provides no support for Plaintiff's appeal.

As relevant here, *Wang* exclusively addressed retaliation claims. *Id.* at 316-19. Plaintiff, however, has forfeited any retaliation claim by never purporting to assert one in the district court. Penn. Br. 27-31.

Moreover, *Wang* illustrates how Plaintiff would fail to state a retaliation claim had she actually pursued one. *See* Penn Br. 52-56. Unlike the *Wang* plaintiff, she fails to allege (1) that she engaged in protected activity or (2) that such activity was causally connected to adverse employment action.

As for protected activity, the *Wang* plaintiff published an article—attached to his complaint—that "plausibly opposed" allegedly illegal practices of the institutions that "[h]e worked for." *Id.* at 317. In that article, he "wrote that the accrediting bodies' diversity requirements,

which the university and hospital system had to follow [for medical residents and fellows who worked there], may be illegal." *Id.* The Complaint and its attachments in this case come nowhere close to that. On the contrary, they detail Plaintiff's statements about the ability and intellect of students in various protected classes—black students, women, students of different national origins, and others—and about the actual performance and grades of those students. Penn Br. 6-8. Nowhere does Plaintiff plead that she opposed "an unlawful employment practice" or "a violation of another person's contract-related 'right.'" *Wang*, 181 F.4th at 316 (citations omitted).

And as for causation, Wang "easily met" the requirement to allege "but-for causation." *Id.* at 319. He pleaded detailed facts showing that his article's opposition to allegedly unlawful race discrimination "led to" adverse employment action. *Id.*; *see also id.* at 307-09 (recounting allegations that relevant decisionmakers "denounc[ed] Wang's article" and explicitly cited it as the basis for adverse actions). Plaintiff here, in contrast, alleges nothing to suggest that Penn took action against her because she opposed allegedly unlawful employment practices—rather than because she made many derogatory comments about Penn students and others. Penn Br. 56.

Respectfully submitted,

s/ Michael E. Kenneally
MICHAEL E. KENNEALLY

*Counsel for the Trustees of the University of Pennsylvania*

cc: All Counsel of Record (via ECF)